*In re* JOSÉ M. JIMÉNEZ ROMÁN.

*Números:* AB-2002-167  AB-2002-178  AB-2003-32

*Resueltos:* 30 de diciembre de 2003

*Roberto Sánchez Ramos*, procurador general; *Aileen Navas Auger*, jueza querellante; *Ángel Díaz Valle*, juez querellante; *José M. Jiménez Román*, abogado querellado.

PER CURIAM: La Hon. Aileen Navas Auger, juez municipal adscrita a la Sala de Asuntos de Menores del Tribunal de Primera Instancia, Sala de Arecibo, emitió una Resolución de 3 de junio de 2002 —la cual remitió a nuestra consideración— respecto a la conducta profesional observada por el Lcdo. José Jiménez Román en relación con el caso de un menor que dicho abogado representaba. En la mencionada resolución se hace constar la conducta irresponsable observada por el licenciado Jiménez Román al no comparecer al tribunal en innumerables ocasiones, razón por la cual el referido foro había ordenado su arresto en varias de dichas ocasiones. Es de notar que la juez Navas Auger nos señala que el licenciado Jiménez Román, en presencia del Procurador de Menores y del alguacil de sala, le *admitió* que la conducta observada por él se debía a que era usuario, o adicto, a las sustancias controladas, pero que el Colegio de Abogados le estaba ayudando.

Remitimos la resolución mencionada a la Oficina del Procurador General de Puerto Rico para la investigación y el informe correspondientes. Dicho funcionario nos ha informado que el licenciado Jiménez Román *no* ha contestado sus comunicaciones, las cuales fueron remitidas a la dirección que de él consta en este Tribunal. El Procurador General, además, nos informó que cotejó con el Colegio de Abogados de Puerto Rico si dicha institución estaba ayudando al licenciado Jiménez Román a resolver su problema de adicción a drogas, *y resultó que la información que había provisto el querellado era falsa.* En vista de ello, el Tribunal le ordenó, en dos ocasiones distintas, al licenciado Jiménez Román para que cumpliera con los requerimientos del Procurador General, y aquél hizo *caso omiso a dichas órdenes.*

Por otro lado, tenemos que el Hon. Ángel L. Díaz Del Valle, juez superior adscrito a la Sala Superior de Bayamón del Tribunal de Primera Instancia, nos remitió copia

de una "minuta" que recoge lo acontecido en su sala el 3 de junio de 2002. De la referida "minuta" surge que al licenciado Jiménez Román impuso tres desacatos por su incomparecencia al acto del juicio de un acusado que él representaba, pero que, a pesar de todos los esfuerzos realizados, *ni ha comparecido ni ha podido ser localizado.* Remitimos, igualmente, este asunto al Procurador General de Puerto Rico para la investigación e informe al Tribunal. Las gestiones del Procurador General para localizar al referido abogado y lograr una contestación de éste *resultaron igualmente infructuosas.*

Por último, tenemos que mediante escrito de 18 de febrero de 2003, el Procurador General de Puerto Rico nos informó que había recibido una queja, de parte de los Sres. Héctor Bénejam y Mariano Bénejam, contra el Lcdo. José Jiménez Román, a los efectos de que éste no les había reembolsado la suma de $600 que por concepto de honorarios aquéllos le habían pagado por un trabajo que el abogado nunca realizó. Nos informó, además, el Procurador General que, a pesar de los esfuerzos realizados por su Oficina, *no* habían logrado que el licenciado Jiménez Román contestara sus requerimientos.

En vista de ello, y mediante Resolución de 28 de febrero de 2003, le ordenamos al licenciado Jiménez Román que compareciera ante el Procurador General y contestara dicha queja; le apercibimos que su incumplimiento podría conllevar la imposición de sanciones disciplinarias, incluso la suspensión del ejercicio de la abogacía. Le ordenamos que mostrara causa ante este Tribunal y dispusimos que fuera notificado personalmente, lo cual se hizo a través de su señora madre. El licenciado Jiménez Román compareció ante el Tribunal mediante un escrito de 29 de abril de 2003, expresando que sus incomparecencias se debían a "problemas personales" que había tenido y que, posteriormente, comparecería ante el Procurador General.

El Procurador General, mediante escrito de 2 de julio de 2003, nos informó que, en efecto, el licenciado Jiménez Román había comparecido ante su Oficina y se había compro-

metido a solucionar la queja de los señores Bénejam, *pero que, luego de así hacerlo, se perdió nuevamente todo contacto con él y no contestó a dos requerimientos posteriores de su Oficina.* Ante esta situación, mediante Resolución de 4 de agosto de 2003, *nuevamente* requerimos del licenciado Jiménez Román que compareciera ante el Procurador General según éste se lo requiriera. *Nuevamente* le apercibimos sobre las consecuencias de su incumplimiento, *nuevamente* requerimos que mostrara causa por la cual no debía ser disciplinado y *nuevamente* ordenamos que se le notificara personalmente de la resolución emitida. Ésta le fue notificada por conducto de su señora madre, la cual manifestó a un alguacil de este Tribunal, en ocasión posterior, que le había hecho entrega de la resolución a su hijo. *Éste no ha comparecido más.*

## I

En *innumerables ocasiones* hemos señalado que

... resulta intolerable la *incomprensible y obstinada negativa* de un miembro de la profesión togada de cumplir con las órdenes y requerimientos, *tanto de este Tribunal como de la Oficina del Procurador General.* (Énfasis suplido.) *In re Sanabria Ortiz*, 156 D.P.R. 346 (2002). Véanse, además: *In re Lasalle Pérez*, 153 D.P.R. 368 (2001); *In re Rodríguez Servera*, 149 D.P.R. 730 (1999).

Debe mantenerse presente que es *obligación* de todo abogado cooperar en la tramitación e investigación de asuntos disciplinarios en su contra y que su desatención respecto a ello puede resultar en la imposición de *severas* sanciones disciplinarias. *In re Negrón Negrón*, 146 D.P.R. 928 (1998); *In re Pérez Rodríguez*, 115 D.P.R. 810 (1984).

En este respecto, los miembros de la profesión deben mantener presente que el incumplimiento por parte de un abogado con nuestras órdenes, en relación con el trámite de una queja, *constituye una falta ética separada e independiente de los méritos de la queja que contra él se presente.* Véase *In re Vargas Soto*, 146 D.P.R. 55 (1998).

## II

En atención a todo lo antes expuesto, no hay duda de que el Lcdo. *José Jiménez Román debe ser suspendido de forma indefinida del ejercicio de la abogacía en nuestra jurisdicción hasta que otra cosa disponga este Tribunal, ello debido al hecho de que sus actos y su conducta ante los requerimientos tanto de este Tribunal como de la Oficina del Procurador General de Puerto Rico, han sido continuas y temerarias, y ameritan la imposición de la referida sanción disciplinaria. Le imponemos a José Jiménez Román el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, de devolver cualesquiera honorarios recibidos por trabajos no realizados y de informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta días, a partir de su notificación, el cumplimiento de estos deberes y notificárselo al Procurador General.*

*Se dictará sentencia de conformidad.*

La Juez Asociada Señora Naveira de Rodón no intervino.