per curiam:
El Ledo. José M. Jiménez Román fue suspen-dido indefinidamente del ejercicio de la profesión mediante opinión per curiam de 30 de diciembre de 2003 al no responder a los requerimientos de este Tribunal con motivo de varias quejas presentadas en su contra. La suspensión se hizo efectiva el 11 de febrero de 2004. In re Jiménez Ro-mán, 160 D.P.R. 786 (2003). El 12 de abril de 2005 el señor Jiménez Román solicitó su reinstalación. Tras varios trá-mites, el 15 de diciembre de ese año referimos el asunto a la Comisión de Reputación de Aspirantes al Ejercicio de la Abogacía.
Esta Comisión rindió su informe el 27 de enero de 2006. Recomendó, entre otras alternativas, que se readmitiera al señor Jiménez Román y se convirtieran ciertas quejas pen-dientes en su contra a un trámite bajo la Regla 15 del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, dándole, a la vez, la oportunidad de demostrar que no de- *487 bía tomarse ninguna medida de orden profiláctica al am-paro de dicha regla.
Mediante una Resolución de 30 de mayo de 2006, reins-talamos al licenciado Jiménez Román al ejercicio de la abo-gacía, con la condición de que por el término de un (1) año se sometiera a pruebas periódicas de dopaje. Además, or-denamos a la Comisión de Reputación de Aspirantes al Ejercicio de la Abogacía que estableciera el procedimiento a seguir y supervisara el cumplimiento del licenciado Ji-ménez Román con la condición impuesta. Acorde con dicha resolución, el 1 de junio de 2006 la Comisión le requirió al Ledo. José M. Jiménez Román que, a partir de 1 de junio de 2006, sometiera en la Secretaría de este Tribunal unas certificaciones mensuales de pruebas de “dopaje” para com-probar que no estuviera en condición de dependencia de sustancias controladas. Este requisito debía cumplirse du-rante el periodo de un año a partir de esa fecha.
El 30 de enero de 2007 la Comisión nos informó que el licenciado Jiménez Román no había presentado las prue-bas de dopaje correspondientes a los meses de agosto y septiembre de 2006. Como consecuencia de lo anterior, el 30 de octubre de 2006 la Comisión emitió una Resolución, concediendo al licenciado Jiménez Román un término de cinco días para que informara la razón de su incumpli-miento con la orden de la Comisión y mostrara causa por la cual no debería ser referido el asunto al Tribunal Supremo de Puerto Rico. El 1 de noviembre de 2006 se notificó la resolución a la dirección que consta en el expediente del licenciado Jiménez Román. La notificación fue devuelta por el correo y recibida en la Secretaría del Tribunal el 14 de noviembre de 2006. A partir del 16 de noviembre de 2006, la Secretaría del Tribunal trató de comunicarse con el licenciado Jiménez Román a los teléfonos informados en su expediente, sin resultado alguno. El licenciado Jiménez Román tampoco sometió las pruebas de dopaje correspon-dientes a los meses de noviembre y diciembre de 2006.
*488 En vista del incumplimiento del abogado con nuestra Resolución y con el procedimiento establecido por la Comi-sión de Reputación de Aspirantes al Ejercicio de la Aboga-cía, así como de la imposibilidad de localizarle, la Comisión sometió el asunto ante este Tribunal para la acción que corresponda. Luego de esto, recibimos los resultados de unas pruebas de dopaje fechadas 8 de diciembre de 2006 y 19 de enero de 2007. Estas fueron entregadas por mensa-jero sin sobre y sin que las acompañara ningún otro documento.
El 9 de marzo de 2007 ordenamos al Ledo. José M. Ji-ménez Román que mostrara causa por la cual no debíamos ordenar su suspensión indefinida del ejercicio de la aboga-cía por haber incumplido con lo ordenado por este Tribunal como condición para su reinstalación. Nuestra resolución le apercibió de la posible imposición de medidas severas, incluyendo la suspensión indefinida de la profesión. Esta resolución se notificó personalmente a través de la Oficina de Alguaciles de este Tribunal. El licenciado Jiménez Ro-mán compareció mediante una moción informativa, adu-ciendo que no había recibido copia del informe de la Comi-sión de Reputación de Aspirantes al Ejercicio de la Abogacía que nos refirió el asunto.
El 16 de agosto de 2007 ordenamos que se le notificara personalmente con copia de la Moción Informativa de 21 de febrero de 2007 y el Informe de la Comisión de Reputación de 30 de enero de 2007, presentados ambos por el Ledo. Doel Quiñones Núñez, Presidente de la Comisión de Repu-tación de Aspirantes al Ejercicio de la Abogacía, así como la Resolución de dicha Comisión de 30 de octubre de 2006.
Concedimos entonces al licenciado Jiménez Román un nuevo término para que mostrara causa por la cual no de-bíamos suspenderlo del ejercicio de la profesión. Esta reso-lución fue notificada personalmente el 4 de septiembre de 2007. Aún hoy el abogado no ha comparecido.
*489 I
Resulta verdaderamente sorprendente que, luego del esfuerzo que conlleva la carrera de la abogacía, se desatiendan las órdenes de este Tribunal a sabiendas que al hacerlo se pone en peligro el título obtenido.
Hemos señalado reiteradamente que desatender las ór-denes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon IX del Código de Etica Profesional, 4 L.P.R.A. Ap. IX. In re Maldonado Rivera, 147 D.P.R. 380 (1999). Igualmente, hemos resaltado que los abogados tienen el deber ineludible de cumplir diligente-mente las órdenes de este Tribunal. Desatender nuestras órdenes acarrea la imposición de sanciones disciplinarias severas, incluso la suspensión del ejercicio de la profesión. Véanse, entre muchos otros: In re Grau Díaz, 167 D.P.R. 397 (2006); In re Zayas Cabán, 162 D.P.R. 839 (2004); In re Arroyo Rivera, 161 D.P.R. 567 (2004); In re Torres Torre-grosa, 161 D.P.R. 66 (2004); In re Fernández Pacheco, 152 D.P.R. 531 (2000); In re: Corujo Collazo, 149 D.P.R. 857 (1999); In re Ron Menéndez, 149 D.P.R. 105 (1999); In re Rivera Rodríguez, 147 D.P.R. 917 (1999).
Como señaláramos en In re Escalona Colón, 149 D.P.R. 900, 901 (2000), el “[d]esatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal”. Dicho proceder constituye un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Tribunal que, definitivamente, no estamos dispuestos a aceptar. Reiteramos que “no toleraremos la incompresible y obstinada negativa de un miembro de nuestro foro de incumplir con [nuestras] órdenes In re Melecio Morales, 144 D.P.R. 824, 826 (1998). Véanse: In re Guemárez Santiago I, 146 D.P.R. 27, 29 (1998); In re Nicot Santana, 129 D.P.R. 717, 718 (1992).
*490 El licenciado Jiménez Román incumple, por segunda vez, con su obligación de atender y responder a nuestras órdenes. La primera vez le valió una suspensión que se alargó por dos años. Al readmitirlo, lo hicimos sujeto a cier-tas condiciones. Sin embargo, no ha comparecido para ex-plicar la razón de su incumplimiento con dichas condiciones. Ha optado, nuevamente, por guardar silencio ante nuestros requerimientos.
Por ello, se suspende indefinidamente al licenciado Ji-ménez Román del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su in-habilidad para seguir representándolos, devolverles cua-lesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.
Además, deberá acreditar a este Tribunal el cumpli-miento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión per curiam y Sentencia.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rebollo López hace constar que suspendería de forma inmediata al Sr. José M. Jiménez Román. El Juez Asociado Señor Fuster Berlingeri no intervino.