EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                    | 2025 TSPR 21     |
|                           |                  |
| Héctor J. Rivera Torres   | 215 DPR ___      |

Número del Caso:  TS-18,938


Fecha:  12 de marzo de 2025


Programa de Educación Jurídica Continua:

    Lcda. María Cecilia Molinelli González
    Directora Ejecutiva

    Lcda. Nicolle Lozada Díaz
    Asesora Legal II

    Lcda. Caridad Rodríguez Feliciano
    Asesora Legal I

    Lcda. Myrel D. Marín Cruz
    Asesora Administrativa


Representante legal del Sr. Héctor Juan Rivera Torres

    Por derecho propio


Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por incumplimiento con las órdenes del Tribunal Supremo y los requerimientos del Programa de Educación Jurídica Continua.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Héctor J. Rivera Torres          TS-18,938

*PER CURIAM*

En San Juan, Puerto Rico, a 12 de marzo de 2025.

Una vez más nos vemos obligados a ejercer nuestra facultad disciplinaria para suspender inmediata e indefinidamente a un miembro de la profesión legal que ha incumplido con las órdenes de este Tribunal y con los requerimientos del Programa de Educación Jurídica Continua. Veamos.

I.

El Lcdo. Héctor J. Rivera Torres (en adelante, "licenciado Rivera Torres") fue admitido al ejercicio de la abogacía el 21 de agosto de 2012.[1]

---

[1] Cabe mencionar que el licenciado Rivera Torres no es notario.

El 26 de octubre de 2023, el Programa de Educación Jurídica Continua (en adelante, "PEJC") presentó un *Informe sobre incumplimiento con el requisito de educación jurídica continua* (en adelante, "*Informe*") en el cual notificó a este Tribunal sobre aquellos profesionales del derecho que no habían completado los créditos requeridos para el periodo del **1 de mayo de 2018 al 30 de abril de 2021**, entre los cuales se encontraba el licenciado Rivera Torres. Según el mencionado *Informe*, el letrado también adeudaba la cantidad de cincuenta dólares ($50.00) en multa por cumplimiento tardío, así como cien dólares ($100.00) por el PEJC haber tenido que referirle a este Foro.

En específico, del aludido *Informe* surge que, el 6 de agosto de 2021, el PEJC le envió al licenciado Rivera Torres un *Aviso de Incumplimiento*. Mediante dicho aviso, la referida dependencia de este Tribunal le informó al letrado que adeudaba 23.83 créditos y le concedió a este último un término de treinta (30) días para justificar su incumplimiento, así como un término de sesenta (60) días para tomar los cursos necesarios, a los fines de subsanar la deficiencia de créditos y pagar la cuota por cumplimiento tardío.

Expirados los mencionados términos, -- y habiéndole dado al licenciado Rivera Torres la oportunidad de ser oído --, el 1 de diciembre de 2021 la Directora Ejecutiva del PEJC, la Lcda. María Cecilia Molinelli González, refirió el asunto a la Junta de Educación Jurídica Continua y recomendó a dicho

cuerpo que el mismo se remitiese a este Tribunal, para su consideración. La Junta de Educación Jurídica Continua acogió la recomendación presentada.

Asimismo, surge del *Informe* que, entre marzo 2022 y agosto 2023, personal del PEJC, como iniciativa extraordinaria, realizó varias llamadas y envió ciertas comunicaciones electrónicas al referido letrado para atender el asunto en cuestión y evitar un referido a esta Curia. En particular, en esas instancias se le especificó al licenciado Rivera Torres la cuantía de créditos adeudados y en concepto de multas, y se le exhortó a presentar copia de los certificados de participación que evidenciaran su cumplimiento. De igual forma, se apercibió al referido letrado de que, de no recibirse evidencia de su cumplimiento con los requisitos, ni solicitud para la concesión de algún remedio administrativo en o antes del 18 de septiembre de 2023, este asunto podría ser presentado ante la consideración de este Tribunal.

Realizadas las mencionadas gestiones, -- y según adelantamos --, el PEJC nos remitió el mencionado *Informe*. En éste, dicha oficina finalizó expresando su preocupación ante la actitud de desidia exhibida por el licenciado Rivera Torres al desaprovechar las oportunidades que le fueron concedidas para cumplir con los requisitos de educación jurídica continua.

Evaluado el aludido *Informe*, el 4 de diciembre de 2023 emitimos una *Resolución* mediante la cual le concedimos al

referido letrado un término de veinte (20) días para que compareciera y mostrara causa por la cual no se le debía suspender del ejercicio de la profesión de la abogacía. Lo anterior, por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido.

En respuesta, el 20 de diciembre de 2023 el licenciado Rivera Torres compareció ante nos mediante una *Moción en cumplimiento de orden e informativa.* En la misma, éste explicó que se encontraba en proceso de cumplir con los créditos pendientes. El referido letrado acompañó su moción con copias de los certificados de los cursos completados y de los giros de correo mediante los cuales había pagado las multas adeudadas.

En reacción de lo anterior, el 22 de diciembre de 2023 el PEJC nos remitió la correspondiente *Certificación.* En ésta, dicha oficina indicó que el letrado aún adeudaba 19.58 créditos generales para el periodo del **1 de mayo de 2018 al 30 de abril de 2021** y confirmó que éste había pagado las mencionadas multas.

De igual forma, -- y a modo de seguimiento --, el 29 de enero de 2024 el PEJC emitió otra *Certificación* relacionada con las gestiones realizadas por el licenciado Rivera Torres. En la misma, acreditó que el letrado todavía adeudaba 19.58 créditos generales para el referido periodo.

En vista de lo anterior, el 14 de marzo de 2024 emitimos una nueva *Resolución* en la cual tomamos conocimiento de que

el licenciado Rivera Torres se mantenía en incumplimiento con el periodo del **1 de mayo de 2018 al 30 de abril de 2021.** Además, le concedimos al referido letrado un término final de veinte (20) días para cumplir con todos los requisitos del PEJC y presentar la certificación correspondiente. Por último, una vez más, apercibimos al licenciado Rivera Torres de que su incumplimiento con esta orden podría conllevar sanciones severas, incluyendo la suspensión del ejercicio de la abogacía.

Vencido el término concedido sin que el referido letrado cumpliese con dicha orden, el 24 de abril de 2024 emitimos otra *Resolución* mediante la cual le concedimos a este último un término final de veinte (20) días para que mostrase causa por la cual no se le debía suspender del ejercicio de la profesión por incumplir con los requisitos del PEJC y con las órdenes de este Tribunal.

Enterado de lo anterior, el 4 de junio de 2024 el licenciado Rivera Torres compareció ante nos mediante una *Moción en solicitud de prórroga e informativa.* En la misma, el referido letrado solicitó una prórroga para cumplir con los créditos de educación jurídica continua adeudados, toda vez que, por razones de trabajo y familiares, no había podido completarlos. En particular, el licenciado Rivera Torres alegó ser padre de tres menores de edad y abogado de oficio en varios pleitos de naturaleza criminal.

Evaluada la referida moción, el 28 de junio de 2024 emitimos una *Resolución* mediante la cual le concedimos al

referido letrado un término final e improrrogable de treinta (30) días para cumplir con los requisitos del PEJC. Asimismo, nuevamente, le apercibimos que su incumplimiento podría acarrear la imposición de sanciones más severas, incluyendo la suspensión del ejercicio de la abogacía.[2]

Así las cosas, el 10 de septiembre de 2024 el PEJC nos remitió la correspondiente *Certificación* en la cual acreditó que el licenciado Rivera Torres finalmente había cumplido con el periodo que generó su referido ante nos, entiéndase, el periodo del **1 de mayo de 2018 al 30 de abril de 2021**. No obstante, señaló que, en el proceso, el referido letrado había advenido en incumplimiento con el periodo del **1 de mayo de 2021 al 30 de abril de 2024**.[3]

Posteriormente, el 30 de septiembre de 2024 el PEJC nos remitió otra *Certificación* relacionada con las gestiones realizadas por el licenciado Rivera Torres. En ésta, dicha oficina informó que el referido letrado había comenzado a cumplir con los créditos adeudados para este último periodo, restándole por tomar un total de 18.98.

Por su parte, el 17 de octubre de 2024 el licenciado Rivera Torres compareció nuevamente ante nos mediante una *Moción en solicitud de prórroga e informativa*. En dicho

---

[2] Cabe mencionar que en la referida *Resolución* la Jueza Asociada señora Pabón Charneco hizo constar que hubiese ordenado la suspensión del abogado aquí promovido.

[3] En ese entonces, el PEJC no había emitido el correspondiente *Aviso de incumplimiento* al licenciado Rivera Torres, ni nos había cursado un referido formal sobre este asunto. No obstante, personal del PEJC nos confirmó que el *Aviso de incumplimiento* en cuestión fue emitido el pasado 12 de febrero de 2025.

escrito, el referido letrado nos solicitó un término adicional de sesenta (60) días para cumplir con los créditos de educación jurídica continua que todavía adeudaba. Para justificar su petitorio, explicó que se encontraba atendiendo tres casos criminales complejos.

En consideración a que el licenciado Rivera Torres se había mostrado proactivo y dispuesto a cumplir con los requisitos del PEJC, el 18 de octubre de 2024 emitimos una nueva *Resolución* en virtud de la cual le concedimos al referido letrado un término de treinta (30) días para tomar los 18.98 créditos generales de educación jurídica continua que le restaban por cumplir para el periodo del 1 de mayo de 2021 al 30 de abril de 2024.

Vencido el término concedido, el 22 de noviembre de 2024 el PEJC nos remitió otra *Certificación*. En la misma, la referida dependencia de este Tribunal indicó que el licenciado Rivera Torres todavía adeudaba 18.98 créditos generales para el mencionado periodo.

Ante dicho incumplimiento, el 26 de diciembre de 2024 emitimos una *Resolución* mediante la cual le concedimos al letrado un término final e improrrogable de treinta (30) días para cumplir con los requisitos del PEJC. En esa ocasión también le apercibimos, una vez más, que su incumplimiento pudiese conllevar la imposición de severas sanciones, incluyendo su suspensión del ejercicio de la profesión legal.

El término de treinta (30) días venció sin que el licenciado Rivera Torres cumpliese con lo ordenado. Es decir,

al momento, y a pesar de las múltiples oportunidades concedidas al referido letrado, éste continúa en incumplimiento con los requerimientos del PEJC y, consecuentemente, con las órdenes de esta Curia.

Es, precisamente, a la luz de los hechos antes expuestos que procedemos a esbozar la normativa aplicable al proceso disciplinario ante nuestra consideración.

II.

A.

Como es sabido, la conducta de aquellos y aquellas que integran la profesión legal se rige por los postulados contenidos en el Código de Ética Profesional, 4 LPRA Ap. IX. Dicho ordenamiento deontológico tiene como propósito promover el desempeño profesional de los abogados y las abogadas conforme a los más altos principios de conducta decorosa. *In re Espino Valcárcel,* 199 DPR 761 (2018); *In re Cruz Liciaga*, 198 DPR 828, 834 (2017); *In re Soto Charraire*, 186 DPR 1019, 1027 (2012). Lo anterior redunda en beneficio de la profesión, la ciudadanía y las instituciones de justicia. *In re Pestaña Segovia,* 192 DPR 485, 493 (2015); *In re Franco Rivera*, 197 DPR 628, 634 (2017); *In re Soto Charraire*, *supra*.

Consecuentemente, en reiteradas ocasiones hemos señalado que el incumplimiento con lo dispuesto en el mencionado ordenamiento deontológico puede acarrear la imposición de sanciones disciplinarias severas. *In re Espino Valcárcel*, *supra*, pág. 766; *In re Pestaña Segovia*, *supra*,

pág. 493; *In re Irizarry Irizarry*, 190 DPR 368, 374 (2014). En específico, esta Curia ha sentenciado que "[a]partarse de cumplir con los deberes que imponen la ley y el ordenamiento ético constituye una conducta que acarrea sanción disciplinaria". *In re Asencio Márquez*, 183 DPR 659, 664 (2011).

En lo pertinente a la controversia ante nos, el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2, exige a los abogados y a las abogadas que practican en nuestra jurisdicción "lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Este deber tiene la finalidad de garantizar una representación legal adecuada a los ciudadanos y a las ciudadanas que acuden ante nuestros tribunales. *Íd.*

Como corolario de dicho principio, y para viabilizar el cumplimiento con el deber antes mencionado, este Tribunal aprobó el Reglamento del PEJC, 4 LPRA Ap. XVII-D. En particular, la Regla 29, 4 LPRA Ap. App. XVII-E sec. 29, de este cuerpo reglamentario requiere que toda y todo miembro activo de la profesión legal apruebe veinticuatro (24) horas crédito en cursos de educación jurídica continua en un periodo de tres (3) años. De esas veinticuatro (24) horas crédito, al menos cuatro (4) deberán dedicarse a cursos de ética profesional. *Íd.*

En el contexto del incumplimiento con la precitada disposición, este Tribunal ha expresado que la desidia y

dejadez ante los requerimientos del PEJC representan un gasto de recursos administrativos, al igual que una patente falta de compromiso con el deber de excelencia y competencia que exige el Canon 2 del Código de Ética Profesional, *supra*. *In re Cintrón Rodríguez*, 205 DPR 299, 309 (2020); *In re Navedo Dávila*, 203 DPR 300, 309 (2019); *In re Abreu Figueroa*, 198 DPR 532, 537 (2017). En escenarios como los antes expuestos, este Foro se ha visto obligado a imponerles, a aquellos abogados y aquellas abogadas que desatienden los requerimientos del aludido programa, sanciones disciplinarias como la suspensión inmediata e indefinida de la profesión. *In re Cintrón Rodríguez*, *supra*; *In re Navedo Dávila*, *supra*, págs. 310-311; *In re Abreu Figueroa*, *supra*.

### B.

Establecido lo anterior, conviene aquí señalar que el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. XI, C.9., requiere que el comportamiento de todo abogado y toda abogada ante los tribunales "se caracterice por el mayor respeto". *In re Marín Serrano*, 197 DPR 535, 539 (2017). Véase, también, *In re Alers* Morales, 204 DPR 515, 519 (2020); *In re Sepúlveda Torres*, 196 DPR 50, 53-54 (2016). Conforme a esta norma, en múltiples ocasiones hemos reiterado que las y los integrantes de la profesión legal tienen el deber de responder a las órdenes de este Tribunal con la mayor diligencia posible, en especial cuando se trata de procesos disciplinarios. *Íd*.

La desatención o el incumplimiento con las órdenes de los tribunales es una falta a la autoridad de éstos y, a su

vez, constituye una transgresión al Canon 9 del Código de Ética Profesional, *supra*. *In re Meléndez Mulero*, 208 DPR 541, 550 (2022); *In re Carmona Rodríguez,* 206 DPR 863, 868 (2021); *In re Burgos García*, 204 DPR 464, 470 (2020). Por tal razón, cuando un abogado o una abogada ignora las órdenes de esta Curia, así como los requerimientos que emitan sus dependencias, procede su suspensión inmediata de la abogacía. *In re Meléndez Mulero*, *supra*; *In re Quintana Reyes*, 203 DPR 194, 198 (2019); *In re Canales Pacheco*, 200 DPR 228, 233 (2018).

Es, pues, a la luz de la normativa deontológica antes expuesta que procedemos a disponer de los asuntos ante nuestra consideración.

III.

Como mencionamos anteriormente, en lo relacionado al proceso disciplinario que nos ocupa, el licenciado Rivera Torres se encuentra en incumplimiento con los requisitos de educación jurídica continua. En específico, el referido letrado no ha cumplido con el periodo del **1 de mayo de 2021 al 30 de abril de 2024** para el cual adeuda 18.98 créditos generales. Ello, a pesar de las múltiples oportunidades que este Tribunal le ha concedido a éste para cumplir, y mantenerse al día, con los requerimientos del PEJC y su reglamento.

Tal conducta, a todas luces, demuestra una falta de interés por parte del licenciado Rivera Torres en respetar los principios que rigen la profesión legal y las órdenes de este Tribunal. En vista de tal comportamiento, procede su

suspensión inmediata e indefinida del ejercicio de la abogacía.

IV.

Por los fundamentos antes expuestos, se suspende inmediata e indefinidamente al licenciado Rivera Torres del ejercicio de la abogacía. En consecuencia, se le impone a este último el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos en donde tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Rivera Torres por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA).

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Héctor J. Rivera Torres                    TS-18,938

SENTENCIA

En San Juan, Puerto Rico, a 12 de marzo de 2025.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al Lcdo. Héctor J. Rivera Torres del ejercicio de la abogacía. En consecuencia, se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos en donde tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia al señor Rivera Torres por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA).

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo