EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2025 TSPR 41 |
|--------|--------------|
| Manolo R. Santiago López | 215 DPR ___ |

Número del Caso:  TS-17,907

Fecha:  22 de abril de 2025

Oficina de Inspección de Notarías:

     Lcdo. Manuel E. Ávila De Jesús
     Director

Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la notaría por craso incumplimiento con los requerimientos de la Oficina de Inspección de Notarías

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re:* | | |
| Manolo R. Santiago López | TS-17,907 | |

**PER CURIAM**

En San Juan, Puerto Rico, a 22 de abril de 2025.

Nos corresponde ejercer nuestro poder disciplinario para suspender al Lcdo. Manolo R. Santiago López (licenciado Santiago López o notario) inmediata e indefinidamente del ejercicio de la notaría por craso incumplimiento con los requerimientos de la Oficina de Inspección de Notarías (ODIN).

Veamos los elementos fácticos que dieron lugar a nuestro proceder.

**I**

El licenciado Santiago López fue admitido al ejercicio de la abogacía el 17 de agosto de 2010 y al notariado el 10 de diciembre de 2010. En lo que aquí nos concierne, el pasado 20 de febrero de 2025, la ODIN presentó ante nos un *Informe Especial sobre Incumplimiento en la Corrección de Deficiencias Notificadas y en Solicitud de Remedios.* Según adujo nuestra dependencia, existe un patrón de desidia e incumplimiento por parte del licenciado Santiago López con los requerimientos del ordenamiento notarial y para atender ciertos asuntos notificados por la ODIN.

En específico, como parte de un proceso de inspección ordinaria, el 14 de diciembre de 2020, la Lcda. Nilda Emmanuelli Muñiz, Directora Auxiliar de la ODIN, cursó una comunicación al licenciado Santiago López para notificar que el referido proceso había sido programado para el 19 de enero de 2021 a las 2:00 de la tarde, en el Archivo Notarial del Distrito Notarial de San Juan (ANSJ). Llegada la fecha pautada, el licenciado Santiago López acudió al Archivo Notarial de San Juan y entregó la obra notarial que debía ser examinada, la cual consistía en los tomos del Protocolo formados en los años naturales 2011 al 2018, así como el Volumen Primero de su Libro de Registro de Testimonios. El notario no hizo entrega del Volumen Segundo del Libro de Registro de Testimonios, el cual debía tener anotada la información de 673 Testimonios.

Luego de realizar el correspondiente examen de la obra notarial entregada, la Lcda. Mari-Linne Bon Corujo (licenciada Bon Corujo), Inspectora de Protocolos y Notarías, notificó al licenciado Santiago López serias deficiencias en su obra examinada, entre las cuales se destacan las siguientes:

a. Una deficiencia arancelaria en los tomos del Protocolo examinados, ascendente a $7,714.50.

b. Una deficiencia arancelaria en el volumen del Libro de Registro de Testimonios examinado, ascendente a $231.00 y una deficiencia arancelaria estimada del volumen no incautado ascendente a $3,365.00.

c. Necesidad de rectificar y ratificar múltiples negocios jurídicos en donde se omitieron las iniciales y firmas de las partes otorgantes o no se

expresó que se hizo en unidad de acto, pese a contar con la presencia de testigos instrumentales.

d. Ausencia de documentos originales que debían formar parte integral del instrumento público de *Protocolización* otorgado.

e. Omisión de notas de saca, signo, sello y rúbrica en instrumentos matrices y en documentos complementarios.

f. Que el notario adeudaba *Informes de Actividad Notarial* desde mediados del año natural 2017 hasta el momento de realizarse la inspección.

En aquel momento, se le notificó al licenciado Santiago López que debía recoger su obra notarial examinada en cierta fecha y hora específica, pero este no compareció ni excusó su incomparecencia. Posteriormente, el Lcdo. Nino Martínez Bosch, quien se identificó como notario sustituto del licenciado Santiago López, recogió la obra de este último en el ANSJ. En ese momento, la licenciada Bon Corujo fue notificada que el licenciado Santiago López se encontraba trabajando y residiendo en el estado de Texas, Estados Unidos.

De este modo, la licenciada Bon Corujo le orientó que debía encaminar el proceso formal de designación de notario sustituto, así como la cesación voluntaria al ejercicio de la notaría. Tal asunto fue reiterado en dos instancias mediante correos electrónicos remitidos al notario. En uno de estos mensajes se le notificó que debía entregar la carta solicitando autorización para la designación de un notario sustituto en o antes del 24 de mayo de 2021 y que la fecha de reinspección de su obra

notarial examinada se había reprogramado para el 18 de junio de 2021. Sin embargo, el licenciado Santiago López no presentó comunicación alguna al Director de la ODIN y tampoco compareció a la reunión para la reinspección de su obra notarial.

Más adelante, el 1 de diciembre de 2023,[1] la Directora Auxiliar de la ODIN envió una segunda comunicación al licenciado Santiago López, en la cual reiteró su incumplimiento y le confirió un término de diez (10) días calendario para comunicarse con la licenciada Bon Corujo y cumplir con los requerimientos cursados por la ODIN. No obstante, el licenciado Santiago López incumplió con el requerimiento cursado por la Directora Auxiliar de la ODIN.

Así las cosas,[2] el 20 de marzo de 2024 se entabló comunicación con el licenciado Santiago López y este indicó que su obra notarial estaba ubicada en la residencia de su suegro en San Juan, Puerto Rico. Por otra parte, se le confirió un término de quince (15) días calendario para presentar la evidencia acreditativa del pago de su fianza notarial para los años naturales 2017 al 2024, y para presentar los informes de actividad notarial

---

[1] En el *Informe Especial sobre Incumplimiento en la Corrección de Deficiencias Notificadas y en Solicitud de Remedios,* la ODIN hizo constar que la licenciada Bon Corujo intentó entablar comunicación en varias ocasiones con el licenciado Santiago López para dar seguimiento al asunto relacionado al proceso de subsanación de la obra notarial examinada y la situación de que no contaba con un notario sustituto.
[2] Una investigación realizada por el Director de la ODIN, Lcdo. Manuel E. Ávila De Jesús, reflejó que el licenciado Santiago López se encontraba trabajando para la firma Herrin Law, PLLC, sita en la ciudad de Dallas, Estado de Texas.

que adeudaba. Asimismo, se acordó que se daría una última oportunidad al notario para coordinar el proceso de entrega de su obra notarial y programar reuniones mediante videoconferencia para ser orientado y atender los señalamientos notificados que impedían la aprobación de su obra. Además, entre otras cosas, el licenciado Santiago López se comprometió a entregar su obra y su sello notarial entre el lunes 25 y martes 26 de marzo de 2024.

A pesar de las instrucciones impartidas y el acuerdo pactado, el licenciado Santiago López incumplió con atender de manera expedita los requerimientos cursados. Surge del expediente que el notario entregó su obra y sello notarial el 18 de abril de 2024, es decir, un (1) mes después de lo acordado.[3] De igual forma, surge que la obra se entregó sin ser subsanada. Luego de varios trámites, se acordó con el licenciado Santiago López la celebración de una reunión de reinspección para el 27 de marzo de 2024. No obstante, el notario no compareció a la ODIN y tampoco presentó excusa sobre su incumplimiento con lo requerido por la Inspectora de Protocolos y Notarías.

La última comunicación cursada por la licenciada Bon Corujo al notario fue el 31 de enero de 2025, pero esta no ha sido respondida. De este modo, la ODIN expuso que el licenciado Santiago López ha hecho caso omiso de manera recurrente a los requerimientos cursados por los funcionarios de la dependencia para completar la

---

[3] Véase Anejo XI del *Informe Especial sobre Incumplimiento en la Corrección de Deficiencias Notificadas y en Solicitud de Remedios.*

subsanación de su obra protocolar, mostrando así una displicencia en acatar las obligaciones y los deberes que toda persona fedataria debe emular en el ejercicio de la notaría.

Expuesto el asunto ante nosotros, procedemos a resolver.

**II**

El Canon 9 del Código de Ética Profesional exige que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".[4] De allí surge la obligación que tienen los abogados y abogadas de responder oportuna y diligentemente a los requerimientos de este Tribunal.[5] Por ende, hemos resuelto reiteradamente que la desatención a nuestras órdenes acarrea la suspensión del ejercicio de la profesión.[6] Por tal razón, si luego de proveerle un término a un abogado para que muestre causa por la cual no deba ser suspendido, este incumple con nuestro mandato, procede que sea sancionado con la suspensión indefinida del ejercicio de la abogacía y la notaría.[7]

Cabe mencionar que **la obligación que surge del Canon 9 se extiende igualmente a las exigencias que pueda hacer la ODIN.**[8] Por tanto, un abogado o abogada que desatiende las órdenes de este Tribunal, al igual que los

---

[4] Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX.
[5] *In re Alers Morales*, 204 DPR 515, 519 (2020).
[6] *Íd.*
[7] *In re Amiama Laguardia*, 196 DPR 844, 847 (2016).
[8] *In re Alers Morales*, *supra*, pág. 519.

requerimientos de la ODIN, viola el Canon 9.[9] De este modo, los notarios tienen el deber de subsanar con premura toda falta señalada por la ODIN.[10]

## III

En esta ocasión nos corresponde únicamente atender la evidente indiferencia con la que el licenciado Santiago López ha procedido para la subsanación de su obra protocolar y el cumplimiento de otros señalamientos. Tal y como expresó la ODIN, durante los pasados cuatro (4) años se le ha conferido al notario amplia oportunidad para completar el proceso de subsanación de su obra, ratificar ciertos negocios jurídicos y cancelar deficiencias arancelarias notificadas; para presentar ante la ODIN múltiples informes de actividad notarial adeudados y evidencia acreditativa del pago de su Fianza Notarial; para actualizar sus datos en el RUA; y para cumplir con los requerimientos hechos por la ODIN respecto a la designación de un notario sustituto y la necesidad de encaminar su cesación al ejercicio de la Notaría por residir fuera de la jurisdicción de Puerto Rico. No obstante, el licenciado Santiago López ha infringido reiteradamente con todo lo antes mencionado y no ha tomado la debida seriedad para atender los señalamientos.

Se ha evidenciado un patrón de negligencia e incumplimiento por parte del notario en relación con los requerimientos del ordenamiento notarial y la gestión de

---

[9] *Íd.*
[10] *In re Amiama Laguardia*, *supra*, pág. 847.

los asuntos que le han sido encomendados. Su falta de diligencia para concluir el proceso de su obra protocolar, junto con otras infracciones, nos llevan a suspender de manera inmediata e indefinida del ejercicio de la notaría al licenciado Santiago López.

**IV**

Por los fundamentos previamente expuestos en esta Opinión *Per Curiam*, se decreta la suspensión inmediata e indefinida del Lcdo. Manolo R. Santiago López del ejercicio de la notaría, por su craso incumplimiento con los requerimientos de la Oficina de Inspección de Notarías, como dependencia de este Tribunal.

Se ordena al licenciado Santiago López a que, en un término de sesenta (60) días laborables contado a partir de la notificación de la correspondiente Opinión, subsane las deficiencias que impiden la aprobación de la obra notarial que se encuentra bajo la custodia del Archivo Notarial del Distrito Notarial de San Juan, en particular la deficiencia de naturaleza arancelaria preliminarmente identificada en su obra notarial, ascendente a la cantidad total de Once Mil Trescientos Diez Dólares con Cincuenta Centavos ($11,310.50); las concernidas con la rectificación y la ratificación de diversos negocios jurídicos; así como atender los asuntos relacionados con la obra notarial no incautada que debe ser reconstruida. Además, se le ordena al licenciado Santiago López a que en el mismo término presente los documentos adeudados a la ODIN, tales como

informes notariales y evidencia acreditativa del pago de la Fianza Notarial desde octubre de 2013 hasta octubre de 2025. De acreditar dicho pago, la fianza notarial queda automáticamente cancelada y se considerará buena y válida por tres años después de la terminación en cuanto a actos realizados por el licenciado Santiago López durante el periodo en que la misma estuvo vigente.

Se le ordena al licenciado Santiago López a que notifique a quienes hayan procurado sus servicios notariales de su inhabilidad para atender los trabajos pendientes y que devuelva aquellos honorarios notariales recibidos por trabajos aún no rendidos.

Se le apercibe al licenciado Santiago López que su incumplimiento con el término dispuesto conllevará el referido automático del presente asunto al proceso de Desacato Civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

Por otra parte, se le ordena al licenciado Santiago López a que en un término de diez (10) días calendario contado a partir de la fecha de la notificación de la correspondiente Opinión exponga las razones por las cuales no debe decretarse su suspensión inmediata e indefinida del ejercicio de la abogacía, por su reiterado patrón de incumplimiento con los requisitos y las normativas establecidas por este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| *In re:* | | |
|---|---|---|
| Manolo R. Santiago López | TS-17,907 | |

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de abril de 2025.

Por los fundamentos expuestos en la *Opinión Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión indefinida e inmediata del ejercicio de la notaría del Lcdo. Manolo R. Santiago López.

Se ordena al licenciado Santiago López a que, en un término de sesenta (60) días laborables contado a partir de la notificación de la correspondiente Opinión y Sentencia, subsane las deficiencias que impiden la aprobación de la obra notarial que se encuentra bajo la custodia del Archivo Notarial del Distrito Notarial de San Juan, en particular la deficiencia de naturaleza arancelaria preliminarmente identificada en su obra notarial, ascendente a la cantidad total de Once Mil Trescientos Diez Dólares con Cincuenta Centavos ($11,310.50); las concernidas con la rectificación y la ratificación de diversos negocios jurídicos; así como atender los asuntos relacionados con la obra notarial no incautada que debe ser reconstruida. Además, se le ordena al licenciado Santiago López a que en el mismo término presente los documentos adeudados a la ODIN, tales como informes notariales y evidencia acreditativa del pago de la Fianza Notarial desde octubre de 2013 hasta octubre de 2025. De acreditar dicho pago, la fianza notarial queda automáticamente cancelada y se considerará buena y válida por tres años después de la terminación en cuanto a actos realizados por el licenciado Santiago López durante el periodo en que la misma estuvo vigente.

Se le ordena al licenciado Santiago López a que notifique a quienes hayan procurado sus servicios notariales de su inhabilidad para atender los trabajos pendientes y que devuelva aquellos honorarios notariales recibidos por trabajos aún no rendidos.

Se le apercibe al licenciado Santiago López que su incumplimiento con el término dispuesto conllevará el referido automático del presente asunto al proceso de

Desacato Civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

Por otra parte, se le ordena al licenciado Santiago López a que en un término de diez (10) días calendario a partir de la fecha de la notificación de la correspondiente Opinión exponga las razones por las cuales no debe decretarse su suspensión inmediata e indefinida del ejercicio de la abogacía, por su reiterado patrón de incumplimiento con los requisitos y las normativas establecidas por este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo