EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                      | 2025 TSPR 61    |
|                             |                 |
| Manolo R. Santiago López    | 215 DPR ___     |

Número del Caso: TS-17,907

Fecha: 27 de mayo de 2025

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por incumplimiento reiterado con las órdenes del Tribunal Supremo.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re:* | |
| Manolo R. Santiago López | TS-17,907 |

**PER CURIAM**

En San Juan, Puerto Rico, a 27 de mayo de 2025.

Una vez más nos vemos forzados a suspender inmediata e indefinidamente a un abogado por el incumplimiento reiterado con nuestras órdenes. Las actuaciones del Lcdo. Manolo R. Santiago López (licenciado Santiago López), que exponemos a continuación, nos obligan a suspenderlo en esta ocasión de la abogacía.

I

El licenciado Santiago López fue admitido al ejercicio de la abogacía el 17 de agosto de 2010 y al notariado el 10 de diciembre de 2010. El 20 de febrero de 2025, la Oficina de Inspección de Notarías (ODIN) presentó ante nos un *Informe Especial sobre Incumplimiento en la Corrección de Deficiencias Notificadas y en Solicitud de Remedios.* En esencia, adujo que existe un patrón de desidia e incumplimiento por parte del licenciado Santiago López con los requerimientos del ordenamiento notarial y para atender ciertos asuntos notificados por la ODIN.

Examinados los planteamientos de la ODIN, el 22 de abril de 2025 decretamos la inmediata e indefinida suspensión del letrado del ejercicio de la notaría por el

incumplimiento reiterado con los requerimientos de la ODIN y de este Tribunal.[1] En dicha ocasión, entre otras cosas, le concedimos al licenciado Santiago López un término de diez (10) días contado a partir de la notificación de la Opinión para que expusiera las razones por las cuales no debía ser suspendido inmediata e indefinidamente del ejercicio de la abogacía. Sin embargo, el licenciado Santiago López no compareció para cumplir con la referida orden.[2]

## II

Como parte de nuestro poder inherente de regular la profesión legal en Puerto Rico nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía ejerzan sus funciones de manera responsable, competente y diligente.[3] A tono con ello, el Código de Ética Profesional, 4 LPRA Ap. IX, establece las normas mínimas de conducta que deben desplegar los abogados y las abogadas que ejercen tan ilustre profesión.[4]

Entre las disposiciones que el Código de Ética Profesional contiene, el Canon 9 es uno de los que este Tribunal ha reconocido como de mayor envergadura en nuestro ordenamiento jurídico, el cual dispone que los abogados y las abogadas deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". En ese sentido, como funcionarios del sistema

---

[1] *In re Manolo Santiago López*, 2025 TSPR 41, resuelto y notificado el 22 de abril de 2025.
[2] El término concedido venció el 2 de mayo de 2025.
[3] *In re Montalvo Delgado*, 196 DPR 541, 549 (2016).
[4] *In re Sepúlveda Torres*, 196 DPR 50, 53 (2016).

judicial, los abogados tienen que emplear estricta atención y obediencia a las órdenes de este Tribunal o de cualquier foro al que se encuentre obligado a comparecer.[5] Por lo tanto, todo letrado tiene la obligación de responder diligente y oportunamente a los requerimientos y las órdenes de este Tribunal.[6]

Sabido es que el incumplimiento con este deber demuestra un claro menosprecio a la autoridad de este Tribunal.[7] Por ello, reiteradamente hemos establecido que la actitud de indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituye causa suficiente para una suspensión inmediata de la práctica de la profesión.[8]

Cabe mencionar que las obligaciones impuestas en el Canon 9 se extienden a los requerimientos de la Oficina del Procurador General, de la Oficina de Inspección de Notarías y del Programa de Educación Jurídica Continua, puesto que su inobservancia acarrea el mismo efecto que cuando se desatiende una orden emitida por este Foro.[9] De manera que desatender estos requerimientos es incompatible con la práctica de la profesión y constituye una violación al Canon 9 del Código de Ética Profesional.[10] En vista de ello, "[e]n el ejercicio de nuestra autoridad

---

[5] *In re Rodríguez Quesada*, 195 DPR 967, 969 (2016).
[6] *In re Vera Vélez*, 192 DPR 216, 226 (2015).
[7] *In re Rodríguez Quesada*, *supra*.
[8] *In re Vera Vélez*, *supra*, págs. 226-227; *In re Toro Soto*, 181 DPR 654, 660 (2011); *In re Martínez Sotomayor I*, 181 DPR 1, 3 (2011).
[9] *In re Montañez Melecio*, 197 DPR 275 (2017); *In re Méndez Molina*, 199 DPR 1030 (2018).
[10] *In re Figueroa Cortés*, 196 DPR 1, 3 (2016).

fiscalizadora de la profesión legal, hemos suspendido inmediata e indefinidamente del ejercicio de la abogacía y la notaría a aquellos miembros que no atiendan con diligencia nuestros requerimientos, así como los emitidos por la ODIN y la Oficina del Procurador General".[11]

**III**

Nótese que se le ha concedido al licenciado Santiago López amplia oportunidad para cumplir con los requerimientos de la ODIN. De hecho, durante los pasados cuatro (4) años se le han conferido al letrado oportunidades para completar el proceso de subsanación de su obra, ratificar ciertos negocios jurídicos y cancelar deficiencias arancelarias notificadas; para presentar ante la ODIN múltiples informes de actividad notarial adeudados y evidencia acreditativa del pago de su Fianza Notarial; para actualizar sus datos en el RUA; y para cumplir con los requerimientos hechos por la ODIN respecto a la designación de un notario sustituto y la necesidad de encaminar su cesación al ejercicio de la Notaría por residir fuera de la jurisdicción de Puerto Rico.

Ante ello, en nuestra última orden se le concedió un término para que compareciera y expresara las razones por las cuales no debíamos suspenderle de la abogacía por su reiterado patrón de incumplimiento con los requisitos y las normativas establecidas por este Tribunal. No obstante, el licenciado Santiago López no ha comparecido y

---

[11] *In re Oyola Torres*, 195 DPR 437, 441 (2016).

no ha cumplido con nuestras órdenes. Así pues, el incumplimiento con nuestras órdenes constituye una falta severa del licenciado Santiago López con sus deberes éticos y un menosprecio a nuestra autoridad. La conducta desplegada por el licenciado Santiago López, al incumplir reiteradamente nuestras órdenes, es totalmente contraria a aquella conducta que se espera de los miembros de la profesión. Ello, no lo hace merecedor de continuar en el ejercicio de la abogacía.

**IV**

Por los fundamentos previamente expuestos en esta Opinión *Per Curiam*, se decreta la suspensión inmediata e indefinida del Lcdo. Manolo R. Santiago López del ejercicio de la abogacía.

Se ordena al señor Santiago López a notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, devolverles los expedientes de casos pendientes e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior, en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re:* Manolo R. Santiago López | TS-17,907 | |

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de mayo de 2025.

Por los fundamentos expuestos en la *Opinión Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión indefinida e inmediata del ejercicio de la abogacía del Lcdo. Manolo R. Santiago López.

Se ordena al señor Santiago López a notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados, devolverles los expedientes de casos pendientes e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior, en un término de treinta (30) días contados a partir de la notificación de esta *Opinión Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

Notifíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo