EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                    | 2025 TSPR 119 |
|                           |               |
| José M. Jiménez Román     | 216 DPR ___   |

Número del Caso:  TS-10,893

Fecha:  18 de noviembre de 2025

Programa de Educación Jurídica Continua:

    Lcda. María Cecilia Molinelli González
    Directora Ejecutiva

    Lcda. Nicolle Lozada Báez
    Asesora Legal II

    Lcda. Caridad Rodríguez Feliciano
    Asesora Legal I

    Lcda. Myrel D. Marín Cruz
    Asesora Administrativa

Representante legal del Sr. José Jiménez Román:

    Por derecho propio

Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por incumplimiento reiterado con las órdenes del Tribunal Supremo y los requerimientos del Programa de Educación Jurídica Continua.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José M. Jiménez Román

TS-10,893

*PER CURIAM*

En San Juan, Puerto Rico, a 18 de noviembre de 2025.

Una vez más, nos vemos obligados a ejercer nuestra facultad disciplinaria para suspender inmediata e indefinidamente a un miembro de la profesión legal que ha incumplido en reiteradas ocasiones con las órdenes de este Tribunal y con los requerimientos del Programa de Educación Jurídica Continua. Veamos.

I.

El Lcdo. José M. Jiménez Román (en adelante, "licenciado Jiménez Román") fue admitido al ejercicio de la abogacía el 6 de julio de 1994.[1] Cabe mencionar que, desde esa fecha, el referido letrado ha sido suspendido del ejercicio de la profesión legal en varias ocasiones, siendo la última el pasado 6 de noviembre de 2007.[2] Véase, *In re Jiménez Román*,

---

[1] El licenciado Jiménez Román no es notario.

[2] En esa ocasión, la sanción disciplinaria se debió al incumplimiento del licenciado Jiménez Román con lo ordenado por esta Curia como condición para su reinstalación a la profesión legal, en específico, con la entrega

172 DPR 485 (2007). Eventualmente, el 13 de febrero de 2019 el licenciado Jiménez Román fue reinstalado al ejercicio de la abogacía.[3]

---

de pruebas de dopaje mensuales que comprobaran que no estuviera bajo condición de dependencia de sustancias controladas.

Anterior a eso, y según mencionamos, el referido letrado había sido suspendido de la abogacía en **tres ocasiones adicionales**. En particular, el **28 de junio de 1996** emitimos una Opinión *Per Curiam*, en la cual suspendimos indefinidamente al licenciado Jiménez Román por éste no haber satisfecho el correspondiente pago de cuota de colegiación al Colegio de Abogados y Abogadas de Puerto Rico (en adelante, "CAAPR"), según se requería en aquel momento, y por haber incumplido con una orden de este Tribunal para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía. Véase, *In re Jiménez Román*, 141 DPR Ap. 950 (1996). Así las cosas, y luego de que el referido letrado pagara las cuotas y multas debidas al CAAPR, el 18 de octubre de 1996, ordenamos la reinstalación del licenciado Jiménez Román a la profesión legal. *Íd.*

Nuevamente, y por las mismas causas, el **5 de mayo de 2000**, suspendimos inmediata e indefinidamente al licenciado Jiménez Román. Véase, *In re Alemañy et al.*, 150 DPR Ap. 980 (2000). Tras varios trámites procesales acaecidos luego de que el referido letrado nos solicitara la readmisión a la abogacía, el 4 de mayo de 2001 autorizamos que éste fuera reinstalado a la profesión jurídica. Véase, *In re Jiménez Román*, 154 DPR 116 (2001).

Posteriormente, el **30 de diciembre de 2003**, y efectivo el 11 de febrero de 2004, el licenciado Jiménez Román fue suspendido de manera indefinida del ejercicio de la abogacía mediante Opinión *Per Curiam*. Véase, *In re Jiménez Román*, 160 DPR 786 (2003). Allí, la suspensión se ordenó por este último no responder a los requerimientos de este Foro con motivo de varias quejas presentadas en su contra. Poco más de dos años después, mediante *Resolución* de 30 de mayo de 2006 reinstalamos al mencionado letrado, con la condición de que se sometiera a pruebas periódicas de dopaje durante un año. A esos efectos, ordenamos a la Comisión de Reputación para el Ejercicio de la Abogacía (en adelante, "Comisión de Reputación") que estableciera el procedimiento a seguir y supervisara el cumplimiento del licenciado Jiménez Román con la condición impuesta. *Véase, In re Jiménez Román*, 168 DPR 99 (2006).

[3] Esto, sujeto a que nos proveyera evidencia de estar bajo tratamiento ininterrumpido de psicoterapia durante un año y pruebas de dopaje por un periodo de dos años. Véase, *Resolución* del 13 de febrero de 2019. Además, al igual que en la ocasión anterior, ordenamos a la Comisión de Reputación que estableciera el procedimiento a seguir para que el licenciado Jiménez Román cumpliera con lo requerido en la mencionada *Resolución*, y que supervisara el cumplimiento del referido letrado con las condiciones impuestas para su reinstalación. Véase, *Resolución* del 25 de enero de 2019.

Sobre esto último, cabe señalar que, de un estudio minucioso del expediente ante nos surge que, si bien el licenciado Jiménez Román cumplió con la entrega de algunas pruebas de dopaje, aún está en incumplimiento ante la Comisión de Reputación por la falta de entrega de una certificación final de haber recibido el tratamiento psicoterapéutico ordenado. Véase, *Resolución de trámite* de 12 de agosto de 2022.

Así las cosas, el 27 de febrero de 2024 el Programa de Educación Jurídica Continua (en adelante, "PEJC") presentó ante este Tribunal un *Informe sobre incumplimiento con el requisito de educación jurídica continua* (en adelante, "*Informe*") en el cual notificó a este Alto Foro que el licenciado Jiménez Román no había completado los créditos requeridos para el periodo del 1 de abril de 2019 al 31 de marzo de 2022. Según el mencionado *Informe*, el referido letrado también adeudaba la cantidad de cincuenta dólares ($50.00) en multa por cumplimiento tardío, así como cien dólares ($100.00) por el PEJC haber tenido que referir el asunto ante nos.

En particular, del aludido *Informe* surge que, el 14 de junio de 2022, el PEJC le envió al licenciado Rivera Torres un *Aviso de Incumplimiento*.[4] Mediante dicho aviso, tal dependencia de este Tribunal le informó al mencionado letrado que adeudaba veinticuatro (24) créditos y le concedió a este último un término de treinta (30) días para justificar su incumplimiento, así como un término de sesenta (60) días para tomar los cursos necesarios, a los fines de subsanar la deficiencia de créditos y pagar la multa por cumplimiento tardío.

Posteriormente, el 22 de noviembre de 2023 el PEJC envió una comunicación al licenciado Jiménez Román mediante la

---

[4] Valga mencionar que, antes de que venciera el mencionado término, el PEJC envió al licenciado Jiménez Román un mensaje de cortesía recordándole que el periodo de cumplimiento se encontraba próximo a vencer.

cual, nuevamente, le concedió la oportunidad a este último de completar los créditos adeudados para así evitar el referido a este Tribunal. Asimismo, le apercibió que, de no someter evidencia de su cumplimiento con los requisitos de educación jurídica continua, ni una solicitud para la concesión de algún remedio administrativo, en o antes del 1 de diciembre de 2023, su caso podría ser presentado ante la Junta de Educación Jurídica Continua (en adelante, "la Junta") y, posteriormente, a este Foro.[5]

Vencido el último término otorgado, y habiéndole dado al licenciado Jiménez Román la oportunidad de ser oído y de cumplir con los créditos adeudados, el 14 de diciembre de 2023 la Directora Ejecutiva del PEJC, la Lcda. María Cecilia Molinelli González, refirió el asunto a la Junta y recomendó a dicho cuerpo que el caso del referido letrado se remitiese a este Tribunal para su consideración. La Junta acogió la recomendación presentada y encomendó a la licenciada Molinelli González preparar el informe correspondiente.

Realizadas las gestiones de rigor, -- y según adelantamos --, el PEJC nos remitió el mencionado *Informe*. En éste, dicha oficina expresó su preocupación ante la actitud de desidia exhibida por el licenciado Jiménez Román al desaprovechar las oportunidades que le fueron concedidas para

---

[5] Asimismo, surge del *Informe* que personal del PEJC, como iniciativa extraordinaria, realizó varias llamadas telefónicas al licenciado Jiménez Román para atender el asunto en cuestión y evitar un referido a esta Curia. No obstante, dichas llamadas fueron infructuosas.

subsanar su incumplimiento con los requisitos de educación jurídica continua.

Evaluado el aludido *Informe*, el 27 de marzo de 2024 emitimos una *Resolución* mediante la cual le concedimos al referido letrado un término de veinte (20) días para que compareciera y mostrara causa por la cual no se le debía suspender del ejercicio de la profesión legal. Lo anterior fue por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido.

Vencido el término concedido, y habiendo corroborado que el licenciado Jiménez Román seguía en incumplimiento con los veinticuatro (24) créditos correspondientes al periodo del 1 de abril de 2019 al 31 de marzo de 2022, y que aún adeudaba la multa de cincuenta dólares ($50.00) por cumplimiento tardío, así como los cien dólares ($100.00) por el PEJC haber tenido que referir el asunto a esta Curia, el 15 de mayo de 2024 concedimos al referido letrado un término final de diez (10) días para que mostrara causa por la cual no se le debía suspender del ejercicio de la abogacía. Ello, nuevamente, fue por incumplir con los requisitos del PEJC, así como con las órdenes de este Tribunal.

En respuesta, -- y fuera del término concedido --, el 5 de junio de 2024 el licenciado Jiménez Román compareció ante nos mediante una *Moción informativa.* En la misma, el referido letrado explicó que en el año 2023 enfrentó un proceso médico que le impidió tomar los cursos de educación jurídica continua

requeridos. Especificó que fue diagnosticado con un tumor maligno en el riñón izquierdo, el cual le fue extirpado junto con el órgano.

A su vez, el licenciado Jiménez Román expuso que debido al proceso de recuperación médica estuvo inhabilitado para ejercer sus funciones profesionales, pero que, al momento de someter su escrito, había regresado limitadamente al ejercicio de la profesión legal. Finalmente, el referido letrado nos solicitó un término adicional de cuarenta y cinco (45) días para tomar los créditos del PEJC debidos.[6]

En vista de lo anterior, el 25 de junio de 2024 emitimos una *Resolución* mediante la cual le concedimos al licenciado Jiménez Román un término final de cuarenta y cinco (45) días para cumplir con todos los requerimientos del PEJC y presentar la certificación de cumplimiento correspondiente. Además, se le apercibió al referido letrado que su incumplimiento con dicha *Resolución* podría conllevar sanciones severas, incluyendo la suspensión del ejercicio de la abogacía.

Posteriormente, -- vencido el término otorgado al licenciado Jiménez Román sin que éste compareciera --, el 18 de septiembre de 2024 el PEJC emitió otra *Certificación* relacionada con las gestiones realizadas por el referido letrado. En la misma, dicha dependencia de este Tribunal acreditó que el licenciado Jiménez Román todavía adeudaba los

---

[6] Cabe señalar que, el licenciado Jiménez Román no acompañó evidencia alguna junto con su moción.

veinticuatro (24) créditos para el mencionado periodo y las multas impuestas.

En vista de lo anterior, el 30 de septiembre de 2024 emitimos una nueva *Resolución* mediante la cual concedimos al referido letrado un término final de veinte (20) días para que acreditara que cumplió con todos los requerimientos del PEJC. A su vez, le apercibimos, una vez más, que su incumplimiento con tal *Resolución* podría conllevar sanciones severas, incluyendo la suspensión de la profesión legal.

Vencido el término concedido sin que el licenciado Jiménez Román cumpliese con dicha orden o compareciera ante nos, el 25 de octubre de 2024 el PEJC nos remitió otra *Certificación*. En ésta, la referida dependencia de este Tribunal nos indicó que el referido letrado aún adeudaba los créditos y multas impuestas.

Así las cosas, el 6 de noviembre de 2024 el licenciado Jiménez Román compareció ante nos mediante una *Moción informativa*. En la misma, el referido letrado expuso que se encontraba realizando los trámites correspondientes para tomar los cursos debidos.

A su vez, el licenciado Jiménez Román se excusó por la demora y explicó que la misma se debía a su delicado cuadro de salud. Finalmente, el referido letrado nos solicitó que tomásemos conocimiento de dicha moción. No obstante, éste no nos solicitó una prórroga al término vencido que se le concedió el 3 de octubre de 2024.

A modo de seguimiento, el 12 de noviembre de 2024 el PEJC nos remitió una nueva *Certificación*. En ésta, nos indicó que el licenciado Jiménez Román seguía en incumplimiento con los requisitos de educación continua, así como con las multas adeudadas.

Evaluada la referida moción y la última *Certificación* del PEJC hasta ese momento, el 6 de diciembre de 2024 emitimos una *Resolución* mediante la cual le concedimos al referido letrado un término final e improrrogable de ciento veinte (120) días para cumplir con los requerimientos del PEJC. Asimismo, nuevamente, le apercibimos que su incumplimiento podría acarrear la imposición de sanciones más severas, incluyendo la suspensión del ejercicio de la abogacía.

Vencido el término concedido sin contar con la comparecencia del licenciado Jiménez Román, el 15 de abril de 2025 el PEJC nos remitió otra *Certificación* relacionada con las gestiones realizadas por este último. En ésta, dicha oficina informó que el referido letrado había comenzado a cumplir con los créditos adeudados para el periodo en cuestión, restándole por tomar un total de doce (12) créditos generales. A su vez, nos certificó que aún adeudaba las multas ascendientes a ciento cincuenta dólares ($150.00).

Finalmente, y aún sin contar con la comparecencia del licenciado Jiménez Román, el 21 de julio de 2025 el PEJC nos remitió una nueva *Certificación* relacionada al estatus del referido letrado. En ésta, nos reiteró que el licenciado Jiménez Román aún adeudaba doce (12) créditos generales

correspondientes al periodo 1 de abril de 2019 al 31 de marzo de 2022, y los ciento cincuenta dólares ($150.00) en multas.

**Asimismo, dicha dependencia de este Tribunal nos certificó que el licenciado Jiménez Román había advenido en incumplimiento con los veinticuatro (24) créditos de educación continua correspondientes al periodo 1 abril de 2022 al 31 de marzo de 2025. A tales efectos, el PEJC le impuso al mencionado letrado una multa de cincuenta dólares ($50.00) por cumplimiento tardío, la cual, al momento, no ha sido satisfecha.**

Es, pues, a la luz de los hechos antes expuestos que procedemos a esbozar la normativa aplicable al proceso disciplinario ante nuestra consideración.

## II.

## A.

Como se sabe, el Código de Ética Profesional, 4 LPRA Ap. IX, recoge las normas mínimas de conducta que deben desplegar los y las profesionales del derecho admitidos y admitidas al ejercicio de la abogacía en nuestra jurisdicción. *In re Santiago López*, 2025 TSPR 61, 215 DPR ___ (2025)*; In re Vargas Díaz*, 200 DPR 152, 157 (2018); *In re Sepúlveda Torres*, 196 DPR 50, 53 (2016). Dicho cuerpo deontológico tiene como propósito promover el desempeño personal y profesional de los abogados y las abogadas de acuerdo con los más altos principios de conducta decorosa para beneficio de la profesión legal, la ciudadanía y las instituciones de justicia. *In re Ramos Bahamundi*, 2025 TSPR 43, 215 DPR __

(2025); *In re Navedo Dávila*, 203 DPR 300, 306 (2019); *In re Cruz Liciaga*, 198 DPR 828, 834 (2017).

Conforme a ello, y como parte de nuestro poder inherente de regular la abogacía en Puerto Rico, le corresponde a este Tribunal asegurar que los miembros de la profesión legal ejerzan sus funciones de manera responsable, competente y diligente. *In re Santiago López*, *supra*; *In re Vargas Díaz*, *supra*; *In re Montalvo Delgado*, 196 DPR 541, 549 (2016). Así pues, en múltiples ocasiones hemos señalado que el incumplimiento con las mencionadas normas éticas podría acarrear la imposición de sanciones disciplinarias severas. *In re Rivera Torres*, 2025 TSPR 21, 215 DPR ___ (2025); *In re Silva Iglecia*, 201 DPR 678, 682 (2019); *In re Lebrón Arroyo*, 194 DPR 932, 936 (2016). Entre estas sanciones se encuentra, claro está, la suspensión del ejercicio de la abogacía y la notaría.

B.

Cónsono con ello, conviene aquí mencionar que, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. XI, C.9., requiere que todo abogado y toda abogada observe para con los tribunales una conducta que se caracterice por el mayor respeto. *In re Santiago López*, *supra*; *In re Bauzá Tirado*, 211 DPR 633, 635 (2023); *In re Malavé León*, 211 DPR 971, 977 (2023). En esa línea, siendo funcionarios del sistema judicial, los y las profesionales del derecho deben emplear estricta atención y obediencia a las órdenes de esta Curia o a los requerimientos de cualquier dependencia a la que se

encuentre obligado u obligada a comparecer, como lo es el PEJC. *In re Santiago López*, *supra*, págs. 2-3; *In re Rivera Torres*, *supra*, pág. 10; *In re Sánchez Rivoleda*, 213 DPR 765, 775 (2024). Dicho mandato cobra mayor relevancia cuando de procesos disciplinarios se trata. *In re Rivera Torres, supra*; *In re Sánchez Rivoleda*, *supra*; *In re Marín Serrano*, 197 DPR 535, 539 (2017).

Así pues, en múltiples ocasiones hemos sentenciado que, el incumplimiento con este deber demuestra un claro menosprecio a la autoridad de los tribunales. *In re Santiago López*, *supra*, pág. 3; *In re Rivera Torres*, *supra*, págs. 10-11; *In re Marín Serrano, supra.* Eso, por sí solo, constituye una violación al Canon 9 del Código de Ética Profesional, *supra,* que acarrea la suspensión inmediata de la abogacía. *Íd.*

### C.

Establecido lo anterior, y ya más en lo relacionado al proceso disciplinario que nos ocupa, la educación jurídica continua es una de las exigencias éticas que emanan directamente de nuestro mencionado poder de reglamentar la profesión de la abogacía en Puerto Rico. *In re Méndez Molina*, 2018 TSPR 3, pág. 4, 199 DPR Ap. 1030 (2018); *In re Vargas Díaz*, *supra*, pág. 158; *In re Davis Pérez*, 2017 TSPR 180, pág. 4, 199 DPR Ap. 1030 (2017). La misma tiene el propósito de que los abogados y abogadas ejerzan sus funciones de manera competente y con calidad. *Id.*

Tal requisito se encuentra codificado en el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2, el cual establece que, con el "fin de viabilizar el objetivo de representación legal adecuada para toda persona, el abogado [o la abogada] debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". A esos fines, y para garantizar el cumplimiento de dicho deber ético, todo y toda profesional del derecho debe cumplir con los requisitos establecidos en el *Reglamento del Programa de Educación Jurídica Continua*, 4 LPRA Ap. XVII-D. *In re Rivera Torres*, *supra*, pág. 9; *In re Moreda Toledo*, 2020 TSPR 60, pág. 7, 204 DPR Ap. 1143 (2020); *In re García Salgado*, 2019 TSPR 51, pág. 5, 201 DPR Ap. 1086 (2019).

En particular, la Sección 29 del mencionado Reglamento, 4 LPRA Ap. App. XVII-E sec. 29, requiere que, como regla general, toda persona admitida al ejercicio de la profesión legal en Puerto Rico apruebe al menos veinticuatro (24) horas crédito en cursos de educación jurídica continua en un periodo de tres (3) años. *Íd.* De éstas, como mínimo, cuatro (4) horas crédito deberán corresponder a cursos de ética profesional. *Íd.*

En casos como el que hoy tenemos ante nos, en el cual un abogado o una abogada incumple con las obligaciones de la precitada disposición reglamentaria, este Tribunal ha sentenciado que la desidia y dejadez ante los requerimientos

del PEJC representan un gasto de recursos administrativos, así como una patente falta de compromiso con el deber de excelencia y competencia que exige el Canon 2 del Código de Ética Profesional, *supra*. *In re Cintrón Rodríguez*, 205 DPR 299, 309 (2020); *In re Navedo Dávila*, *supra*, pág. 309; *In re Abreu Figueroa*, 198 DPR 532, 537 (2017). En consecuencia, en estos escenarios, este Foro se ha visto obligado a imponer sanciones disciplinarias, -- entre ellas, la suspensión inmediata e indefinida de la profesión de la abogacía --, a aquellos y aquellas profesionales del derecho que desatienden los requerimientos del PEJC. *In re Cintrón Rodríguez*, *supra*; *In re Navedo Dávila*, *supra*, págs. 310-311; *In re Abreu Figueroa*, *supra*. De ello, precisamente, trata el proceso disciplinario que nos ocupa.

### III.

Según mencionamos anteriormente, en lo relacionado a los asuntos ante nuestra consideración, el licenciado Jiménez Román se encuentra en incumplimiento con los requisitos del PEJC. Específicamente, el referido letrado no ha cumplido con las horas créditos requeridas para el periodo del **1 de abril de 2019 al 31 de marzo de 2022**, para el cual adeuda doce (12) créditos generales, así como multas ascendentes a ciento cincuenta dólares ($150.00). A su vez, adeuda veinticuatro (24) horas créditos correspondientes al periodo del **1 abril de 2022 al 31 de marzo de 2025**, y una multa adicional de cincuenta dólares ($50) por cumplimiento tardío para este periodo. Lo anterior es a pesar de las múltiples oportunidades que este

Tribunal le ha concedido al licenciado Jiménez Román para cumplir con los requerimientos del PEJC, y evitar así, ser suspendido de la profesión legal.

Tal comportamiento, sin lugar a dudas, demuestra una falta de interés por parte del referido letrado en respetar las órdenes de este Tribunal y los principios que rigen la profesión legal. En vista de la conducta desplegada por éste, procede su suspensión inmediata e indefinida del ejercicio de la abogacía.

IV.

Por los fundamentos antes expuestos, se suspende inmediata e indefinidamente al licenciado Jiménez Román del ejercicio de la abogacía. En consecuencia, se le impone a éste el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos en donde tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta *Opinión Per Curiam* y *Sentencia*.

Notifíquese esta *Opinión Per Curiam* y *Sentencia* al señor Jiménez Román por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA).

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re*: | | |
| José M. Jiménez Román | | TS-10,893 |

SENTENCIA

En San Juan, Puerto Rico, a 18 de noviembre de 2025.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al licenciado Jiménez Román del ejercicio de la abogacía. En consecuencia, se le impone a éste el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos en donde tenga algún asunto pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta *Opinión Per Curiam* y *Sentencia*.

Notifíquese esta *Opinión Per Curiam* y *Sentencia* al señor Jiménez Román por medio del correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA).

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo